UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES HAYES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DEPUTY MARIO ROJAS, et al.,<br><br>　　　　Defendants. | Case No.: 1:20-cv-01820-NONE-JLT<br><br>ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR CLAIM SPLITTING |

　　　　On December 6, 2019, Plaintiff Charles Hayes filed a complaint against Kern County and Does 1 through 10. (Doc. 1, Hayes v. Kern County, Case No. 1:19-cv-01722-JLT) ("Hayes I"). Hayes I brought four claims related to plaintiff allegedly being improperly held in custody based on an erroneous identification after his arrest in Las Vegas and transfer to Kern County: (1) false arrest and false imprisonment; (2) *Monell* claim; (3) negligence; and (4) intentional infliction of emotional distress. (Id.)

　　　　The plaintiff has now filed a related case: Hayes v. Rojas, et al., Case No. 1:20-cv-01820-NONE-JLT ("Hayes II"). In Hayes II, the plaintiff names Deputy Mario Rojas, Jocelyn Marie, Connie Jefferies, Deputy Rhonda Powell Boyles, Deputy Patrick Gilbert Klawitter, Deputy Christopher Banks, and Sherriff Support Technician Brandy Hirrel. (Doc. 1.) Hayes II is based on the same allegations of being improperly held in custody based on an erroneous identification and includes the following claims: (1) false arrest and false imprisonment; (2) negligence; and (3) intentional infliction

of emotional distress. (Id.)

In Hayes I, Plaintiff filed a motion to amend the complaint to include the defendants named in Hayes II. (Doc. 18, Case No. 1:19-cv-01722-JLT.) The Court found that plaintiff had not been diligent in seeking leave to amend, had not met the good cause requirement of Rule 16 and denied the motion to amend on December 21, 2020. (Doc. 23.) The Court noted in that order that "Plaintiff clearly could have filed a new lawsuit, but ignores that it would be subject to dismissal due to his failure to amend in this case, constituting impermissible claim splitting." (Hayes v. Kern County, Case No. 1:19-cv-01722-JLT, citing Adams v. Cal. Dep't of Health Servs., 487 F.3d 684, 688 (9th Cir. 2007), *overruled on other grounds by* Taylor v. Sturgell, 553 U.S. 880, 904 (2008).) Just one week later, on December 28, 2020, Plaintiff filed Hayes II. (Doc. 1, Case No. 1:20-cv-01820-NONE-JLT.)

The complaint in Hayes II raises the question of whether the Hayes II action represents impermissible claim splitting. The prohibition against claim splitting bars subsequent litigation involving the same subject matter, Single Chip Systems Corp. v. Intermec IP Corp., 495 F. Supp. 2d 1052, 1058 (S.D. Cal. 2007), and is designed "to protect the defendant from being harassed by repetitive actions based on the same claim." Clements v. Airport Auth. of Washoe County, 69 F.3d 321, 328 (9th Cir. 1995). In assessing whether a suit is duplicative, Ninth Circuit case law looks to the causes of action asserted, the relief sought, and the parties to the action. See Adams, 487 F.3d at 689. A suit is deemed duplicative if the claims, parties, and available relief do not vary significantly between the two actions. Id.

The Ninth Circuit applies a "transaction" test to determine whether the causes of action in successive suits are identical. Adams, 487 F.3d at 690. Four criteria are weighed in the transaction test:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

Costantini v. Trans World Airlines, 681 F.2d 1199, 1201-02 (9th Cir. 1982). The last criteria, "whether the two suits arise out of the same transactional nucleus of facts," is the most important. Id. at 1202.

Applying the transaction test in Adams to determine whether the claims are closely related, all four factors are met. Beginning with the fourth and most important factor, the two suits indisputably

arise from the same transactional nucleus of facts. The complaints in each action allege that plaintiff was allegedly being improperly held in custody based on an erroneous identification after his arrest in Las Vegas and transfer to Kern County. Because the two actions arise from the same transaction nucleus of facts, substantially the same evidence would be presented in each action, thereby satisfying the second factor. In both actions, Plaintiff would have to present evidence that he was held in custody based on an erroneous identification.

As to the first factor, whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action, the court's order in Hayes I denying leave to amend would be rendered meaningless if Hayes II were permitted to go forward. The third factor is also met. The two suits each allege false arrest and false imprisonment, negligence, and intentional infliction of emotional distress.[1]

It is also worth noting that the filing of Hayes II appears to be an attempt to circumvent the Court's order denying leave to amend the complaint in Hayes I. However, under the doctrine of claim splitting, a party is "not at liberty to split up his demand, and prosecute it by piecemeal, or present only a portion of the grounds upon which special relief is sought, and leave the rest to be presented in a second suit, if the first fail." Cook v. C.R. England, 2012 WL 2373258, at *3 (C.D. Cal. June 21, 2012) (quoting United States v. Haytian Republic, 154 U.S. 118, 125 (1894)). The ultimate objective of the doctrine is to "protect the Defendant from being harassed by repetitive actions based on the same claim" and "to promote judicial economy and convenience." Id. (citing Clements, 69 F.3d at 328). Even though the County of Kern is not a named defendant in Hayes II, it is obligated to defend and indemnify the defendant employees. Cal. Gov. Code § 995.  Thus, the real party in interest in Hayes II is the County of Kern.

///

///

///

---

[1] Hayes I (Case No. 1:19-cv-01722-JLT), includes one additional cause of action for *Monell* liability, which is not included in Hayes II.

In sum, it appears that the instant Hayes II action is duplicate of Hayes I. Therefore, Plaintiff is **ORDERED** to show cause in writing, **on or before January 12, 2021**, why Hayes II should not be dismissed as claim splitting and an end run around this Court's denial of leave to amend.

IT IS SO ORDERED.

Dated:   **December 30, 2020**                   **/s/ Jennifer L. Thurston**
                                                            UNITED STATES MAGISTRATE JUDGE