1

2

3

4

5

6

7

8                          **UNITED STATES DISTRICT COURT**

9                          **EASTERN DISTRICT OF CALIFORNIA**

10

11   CHARLES HAYES,                          ) Case No.: 1:20-cv-01820-NONE-JLT
                                             )
12              Plaintiff,                   ) FINDINGS AND RECOMMENDATION TO
                                             ) DISMISS THE ACTION FOR CLAIM SPLITTING
13        v.                                 )
                                             ) [TWENTY-ONE DAY OBJECTION DEADLINE]
14   DEPUTY MARIO ROJAS, et al.,             )
                                             )
15              Defendants.                  )
                                             )
16   _____ )

17        On December 30, 2020, the Court issued an order to show cause as to why the action should

18   not be dismissed for claim splitting. (Doc. 8.) The plaintiff filed a response to the order to show cause

19   on January 12, 2021. (Doc. 9.) For the following reasons, the Court recommends that the action be

20   dismissed.

21                                      **BACKGROUND**

22        On December 6, 2019, Plaintiff Charles Hayes filed a complaint against Kern County and Does

23   1 through 10. (Doc. 1, Hayes v. Kern County, Case No. 1:19-cv-01722-JLT) ("Hayes I"). Hayes I

24   brought four claims related to plaintiff allegedly being improperly held in custody based on an

25   erroneous identification after his arrest in Las Vegas and transfer to Kern County: (1) false arrest and

26   false imprisonment; (2) *Monell* claim; (3) negligence; and (4) intentional infliction of emotional

27   distress. (Id.)

28        The plaintiff filed a related case: Hayes v. Rojas, et al., Case No. 1:20-cv-01820-NONE-JLT

                                              1

1   ("Hayes II"). In Hayes II, the plaintiff names Deputy Mario Rojas, Jocelyn Marie, Connie Jefferies,

2   Deputy Rhonda Powell Boyles, Deputy Patrick Gilbert Klawitter, Deputy Christopher Banks, and

3   Sherriff Support Technician Brandy Hirrel. (Doc. 1.) Hayes II is based on the same allegations of

4   being improperly held in custody based on an erroneous identification and includes the following

5   claims: (1) false arrest and false imprisonment; (2) negligence; and (3) intentional infliction of

6   emotional distress. (Id.)

7          In Hayes I, plaintiff filed a motion to amend the complaint to include the defendants named in

8   Hayes II. (Doc. 18, Case No. 1:19-cv-01722-JLT.) The Court found that plaintiff had not been diligent

9   in seeking leave to amend, had not met the good cause requirement of Rule 16 and denied the motion

10  to amend on December 21, 2020. (Doc. 23.) The Court noted in that order that "Plaintiff clearly could

11  have filed a new lawsuit, but ignores that it would be subject to dismissal due to his failure to amend

12  in this case, constituting impermissible claim splitting." (Hayes v. Kern County, Case No. 1:19-cv-

13  01722-JLT, citing Adams v. Cal. Dep't of Health Servs., 487 F.3d 684, 688 (9th Cir. 2007), *overruled*

14  *on other grounds by* Taylor v. Sturgell, 553 U.S. 880, 904 (2008).) Just one week later, on December

15  28, 2020, plaintiff filed Hayes II. (Doc. 1, Case No. 1:20-cv-01820-NONE-JLT.)

16                                        **DISCUSSION**

17         The complaint in Hayes II raises the question of whether the Hayes II action represents

18  impermissible claim splitting. The prohibition against claim splitting bars subsequent litigation

19  involving the same subject matter, Single Chip Systems Corp. v. Intermec IP Corp., 495 F. Supp. 2d

20  1052, 1058 (S.D. Cal. 2007), and is designed "to protect the defendant from being harassed by

21  repetitive actions based on the same claim." Clements v. Airport Auth. of Washoe County, 69 F.3d

22  321, 328 (9th Cir. 1995). In assessing whether a suit is duplicative, Ninth Circuit case law looks to the

23  causes of action asserted, the relief sought, and the parties to the action. See Adams, 487 F.3d at

24  689. A suit is deemed duplicative if the claims, parties, and available relief do not vary significantly

25  between the two actions. Id.

26         The Ninth Circuit applies a "transaction" test to determine whether the causes of action in

27  successive suits are identical. Adams, 487 F.3d at 690. Four criteria are weighed in the transaction test:

28         (1) whether rights or interests established in the prior judgment would be destroyed or
           impaired by prosecution of the second action; (2) whether substantially the same

                                                 2

1
2
evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

3   Costantini v. Trans World Airlines, 681 F.2d 1199, 1201-02 (9th Cir. 1982). The last criteria, "whether

4   the two suits arise out of the same transactional nucleus of facts," is the most important. Id. at 1202.

5           Applying the transaction test in Adams to determine whether the claims are closely related, all

6   four factors are met. Beginning with the fourth and most important factor, the two suits indisputably

7   arise from the same transactional nucleus of facts. The complaints in each action allege that plaintiff

8   was allegedly being improperly held in custody based on an erroneous identification after his arrest in

9   Las Vegas and transfer to Kern County. Because the two actions arise from the same transaction

10  nucleus of facts, substantially the same evidence would be presented in each action, thereby satisfying

11  the second factor. In both actions, plaintiff would have to present evidence that he was held in custody

12  based on an erroneous identification.

13          As to the first factor, Plaintiff is attempting to avoid the consequences of his failure to comply

14  with the scheduling order and to avoid the Court's order denying him leave to amend in Hayes I.

15  Because rights or interests established in Hayes I would be destroyed or impaired by prosecution of

16  Hayes II, allowing Hayes II to proceed, would render the Court's order meaningless. Thus, the first

17  factor is met.

18          The third factor is also met. Plaintiff asserts incorrectly, that in Hayes I he raises only a Monell

19  claim against the County. (Id.) To the contrary, in addition to the Monell claims brought in Hayes I,

20  Plaintiff asserts a claim for negligence and for intentional infliction of emotional distress against the

21  County. (Doc. 11, Case No. 1:19-cv-01722-JLT.) The County may be held vicariously liable for the

22  negligence of its employees. (Cal. Gov. Code § 815.2)

23          The second factor is met too. Because the actions raise duplicate claims, in both cases Plaintiff

24  will be required to prove the employees acted negligently in falsely arresting and imprisoning him and

25  in doing so, intentionally inflicted emotional distress upon him. In Hayes I, this showing is necessary

26  to impose vicarious liability on the County.  In Hayes II, this is necessary to impose liability on the

27  individuals. Likewise, in both cases, Plaintiff must prove that he suffered a violation of the Fourth

28  Amendment. In Hayes I, this is needed for the *Monell* claims because he is required to prove that an

3

1   unconstitutional policy or custom caused his damages. In Hayes II, it is necessary to prove the § 1983

2   claims. Thus, undoubtedly, the duplicated claims raised in both cases will require presentation of the

3   substantially the same evidence in both cases.

4          Under the doctrine of claim splitting, a party is "not at liberty to split up his demand, and

5   prosecute it by piecemeal, or present only a portion of the grounds upon which special relief is sought,

6   and leave the rest to be presented in a second suit, if the first fail." Cook v. C.R. England, 2012 WL

7   2373258, at *3 (C.D. Cal. June 21, 2012) (quoting United States v. Haytian Republic, 154 U.S. 118,

8   125 (1894)). The ultimate objective of the doctrine is to "protect the Defendant from being harassed

9   by repetitive actions based on the same claim" and "to promote judicial economy and

10  convenience." Id. (citing Clements, 69 F.3d at 328).

11         Moreover, even though the County of Kern is not a named defendant in Hayes II, it is

12  obligated to defend and indemnify the individual defendant-employees. Cal. Gov. Code § 995. Thus,

13  the real party in interest in Hayes II is the County of Kern. Therefore, the instant Hayes II action

14  duplicates Hayes I and should be dismissed as impermissible claim splitting and an end-run around

15  this Court's denial of leave to amend.

16                                    **RECOMMENDATION**

17         Based upon the foregoing, the court RECOMMENDS that this action be dismissed.

18         These findings and recommendations are submitted to the United States District Judge

19  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local

20  Rules of Practice for the United States District Court, Eastern District of California. Within twenty-

21  one days after being served with these findings and recommendations, plaintiff may file written

22  objections with the court. Such a document should be captioned "Objections to Magistrate Judge's

23  Findings and Recommendations."

24  ///

25  ///

26  ///

27

28

4

1       Plaintiff is advised that failure to file objections within the specified time may waive the right

2 to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991); <u>Wilkerson v.</u>

3 <u>Wheeler</u>, 772 F.3d 834, 834 (9th Cir. 2014).

4

5 IT IS SO ORDERED.

6    Dated:    **February 4, 2021**          **/s/ Jennifer L. Thurston**

7                                           UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28