UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES HAYES, | No. 1:20-cv-01820-NONE-JLT |
| Plaintiff, | ORDER DISMISSING STATE LAW CLAIMS AT PLAINTIFF'S REQUEST |
| v. | (Doc. No. 20) |
| DEPUTY MARIO ROJAS, et al., | |
| Defendants. | |

On December 6, 2019, plaintiff Charles Hayes filed a complaint against Kern County and Does 1 through 20. (*Hayes v. Kern County*, No. 1:19-cv-01722 ("*Hayes I*"), Doc. No. 1.) In *Hayes I* plaintiff asserted federal and state claims related to his arrest in Las Vegas and transfer to Kern County, generally alleging that he was improperly held in custody based on an erroneous identification. (*Id*.) The parties consented to have the assigned magistrate judge preside over all aspects of *Hayes I*. (*Hayes I*, Doc. No. 9.) On December 21, 2020, the magistrate judge denied plaintiff's motion to amend the complaint in *Hayes I*, finding that the motion, which did not comport with the scheduling order in that matter, was untimely and failed to justify the late amendment. (*Hayes I*, Doc. No. 23.)

On December 28, 2020, approximately one week after the motion to amend in *Hayes I* was denied, plaintiff initiated the instant action ("*Hayes II*"). (Doc. No. 1.) The complaint in *Hayes II* names as defendants a number of individual peace officers employed by Kern County

who were allegedly involved in the false arrest, misidentification, and erroneous imprisonment that was at issue in *Hayes I*. (*Id*.) The actions of these individual officers were at issue in *Hayes I*, but the officers had not yet been identified and therefore were named as Does in *Hayes I*. With respect to these now-identified individual defendants, plaintiff's complaint in *Hayes II* advances a § 1983 false arrest and false imprisonment claim as well as state law claims for negligence and intentional infliction of emotional distress. (*Id*.)

On May 6, 2021, defendants in this case moved to dismiss the state law claims asserted in *Hayes II* as barred by the applicable statute of limitations and for failure to comply with California's Government Tort Claims Act. (Doc. No. 14.) On May 25, 2020, plaintiff filed a statement of non-opposition, indicating that he "dismisses the state law claims in this action." (Doc. No. 20.) This is a clear statement of intent to withdraw the state law claims that the court will construe as a request to amend the complaint pursuant to Federal Rule of Civil Procedure 15. *See Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 690 (9th Cir. 2005) (explaining that Fed. R. Civ. P. 15 not Fed. R. Civ. P. 41 controls where a party agrees to dismiss some but not all claims from a case). Because this withdrawal took place within the time period for amending as a matter of course under Rule 15(a)(1)(A), the court's leave is not required. Accordingly, plaintiff's request to dismiss his state law claims, construed as a motion to amend, is GRANTED.[1]

IT IS SO ORDERED.

Dated:   **June 10, 2021**

UNITED STATES DISTRICT JUDGE

---

[1] Subsequent to the filing of plaintiff's statement of non-opposition, the parties stipulated to a stay of this case pending a ruling on a motion for multi-district litigation treatment that is before the Judicial Panel on Multi-District Litigation. (Doc. No. 21, filed June 2, 2021.) That stipulation appears to have been focused primarily on staying ongoing discovery. The court does not construe it as a request to hold the pending motion to dismiss in abeyance and the court is therefore issuing this order ruling on that motion.