1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    CHARLES HAYES,                              No.  1:20-cv-01820-NONE-JLT

12                   Plaintiff,                   ORDER DECLINING TO ADOPT FINDINGS
                                                 AND RECOMMENDATIONS IN PART AS
13          v.                                   TO APPLICTION OF CLAIM SPLITTING
                                                 DOCTRINE TO FEDERAL CLAIMS
14    DEPUTY MARIO ROJAS, et al.,

15                   Defendants.

16                                               (Doc. No. 10)

17          On December 6, 2019, plaintiff Charles Hayes filed a complaint against Kern County and

18    Does 1 through 20.  (*Hayes v. Kern County*, No. 1:19-cv-01722 ("*Hayes I*"), Doc. No. 1.)  In

19    *Hayes I,* plaintiff asserted federal and state claims related to his arrest in Las Vegas and transfer

20    to Kern County, generally alleging that he was improperly held in custody based on an erroneous

21    identification.  (*Id*.)  The parties consented to magistrate judge jurisdiction in *Hayes I* for all

22    purposes including entry of judgment.  (*Hayes I,* Doc. No. 9.)  On December 21, 2020, the

23    magistrate judge denied plaintiff's motion to amend the complaint in *Hayes I*, finding that the

24    motion, which did not comport with the scheduling order in that case, was untimely and failed to

25    justify the late motion for leave to amend.  (*Hayes I*, Doc. No. 23.)

26          On December 28, 2020, approximately one week after plaintiff's motion to amend in

27    *Hayes I* was denied, plaintiff initiated the instant action ("*Hayes II*").  (Doc. No. 1.)  The

28    currently operative complaint in *Hayes II* names as defendants several individual peace officers

                                                  1

employed by Kern County who were allegedly involved in plaintiff's false arrest,

misidentification, and erroneous imprisonment that was placed at issue by the allegations of the

complaint in *Hayes I*.  (Doc. No. 26.)  The actions of these individual officers were at issue in

*Hayes I*, but the officers had not yet been identified and therefore were named as Doe defendants

in *Hayes I*.  With respect to these now-identified individual defendants, in *Hayes II* plaintiff

advances a single claim for false arrest and false imprisonment under § 1983.  (*Id.*)[1]

On December 30, 2020, the assigned magistrate judge issued an order to show cause why

*Hayes II* should not be dismissed on the grounds of improper claim splitting.  (Doc. No. 8.)[2]  The

plaintiff filed a response to the order to show cause on January 12, 2021, arguing that the named

defendants in *Hayes II* were not parties to *Hayes I* or in privity with defendant Kern County.

(Doc. No. 9 at 3.)  On February 5, 2021, the magistrate judge issued findings and

recommendations recommending that this action be dismissed due to claim splitting.  (Doc. No.

10.)  On February 26, 2021, plaintiff filed objections to the pending findings and

recommendations, largely reiterating the same arguments he had made previously.  (*See* Doc. No.

11.)[3]

---

[1]  In the original complaint in *Hayes II* plaintiff also asserted several state law claims.  (*See* Doc.
No. 1.)  On May 6, 2021, defendants moved to dismiss plaintiff's state law claims in *Hayes II* as
barred by the applicable statute of limitations and for failure to comply with California's
Government Tort Claims Act.  (Doc. No. 14.)  On May 25, 2020, plaintiff filed a statement of
non-opposition, indicating that he "dismisses the state law claims in this action."  (Doc. No. 20.)
The undersigned construed plaintiff's filing as a request as a motion to amend and granted that
request.  (Doc. No. 23.)  Thereafter, plaintiff amended the complaint to dismiss his state law
claims.  (Doc. No. 26.)

[2]  Although the findings and recommendations addressed plaintiff's original complaint, which
contained both federal and state claims, claim-splitting remains an issue potentially applicable to
plaintiff's first amended complaint as well.  Accordingly, the findings and recommendations have
not been rendered entirely moot.

[3]  The undersigned apologizes for the excessive delay in the issuance of this order.  This court's
overwhelming caseload has been well publicized and the long-standing lack of judicial resources
in this district long-ago reached crisis proportion.  That situation, which has continued unabated
for over twenty-one months now, has left the undersigned presiding over 1305 civil cases and
criminal matters involving 747 defendants at last count.  Unfortunately, that situation sometimes
results in the court not being able to issue orders in submitted civil matters within an acceptable
period of time.  This situation is frustrating to the court, which fully realizes how incredibly
frustrating it is to the parties and their counsel.

1                                 **ANALYSIS**

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C) and *Britt v. Simi Valley United School Dist.*, 708 F.2d 452, 454 (9th Cir. 1983), this court has conducted a *de novo* review of the case. Having carefully reviewed the file, including plaintiff's objections, the court will depart from the reasoning set forth in the findings and recommendations as to application of the claim splitting analysis to plaintiff's remaining federal claims brought in *Hayes II*. Because the state law claims have been dismissed from *Hayes II*, the court need not address the conclusion reached by the pending findings and recommendations with respect to any state law claims since none are asserted in the operative first amended complaint in this action.

Generally, courts in the Ninth Circuit borrow from the applicable test for claim preclusion to evaluate whether claims should be dismissed for improper claim splitting. *See Adams v. California Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008). "[I]n the claim-splitting context, the appropriate inquiry is whether, assuming that the first suit were already final, the second suit could be precluded pursuant to claim preclusion." *Id*. at 689.

**A.     Choice of Law**

There is certainly room for confusion about the standards to be applied in assessing the issue now before the court. In the *res judicata* context (which is, as mentioned, imported into the claim splitting analysis), the applicable tests vary depending upon the type of prior judgment the court is examining. Where the prior judgment was entered by a state court, a federal court must look to the forum state's preclusion rules to determine whether that prior judgment would have *res judicata* effect in federal court. *See Hardwick v. Cty. of Orange*, 980 F.3d 733, 740 (9th Cir. 2020). Where the prior judgment was entered by a federal court, as is the case here, a reviewing federal court entertaining a suit pursuant to its diversity jurisdiction should also apply the forum state's preclusion rules. *See Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201 (9th Cir. 1982). Somewhat counterintuitively, the Ninth Circuit has interpreted California law to require application of *federal* preclusion standards in such a situation. *Id*. The undersigned in the past has interpreted *Costantini* and its progeny narrowly to apply <u>only</u> where the prior federal court

judgment was premised upon federal question jurisdiction. *Vahora v. Valley Diagnostic Lab'y Inc.*, No. 1:19-cv-00912-DAD-SKO, 2020 WL 1061470, at *2 (E.D. Cal. Mar. 5, 2020), *appeal dismissed*, No. 20-15512, 2020 WL 3441040 (9th Cir. June 3, 2020). More recent, and more specific, authority, confirms that when a prior federal court judgment is premised upon diversity jurisdiction, California *res judicata* rules apply in determining the *res judicata* effect of that prior judgment on a subsequent federal lawsuit. *Id.* (citing *Gustafson v. U.S. Bank N.A.*, 618 F. App'x 921 (9th Cir. 2015).

For various reasons, the rules laid out above might have had confusing and/or complicated consequences for this case prior to the dismissal of plaintiff's state law claims.[4] Because the fate of the federal claims brought in *Hayes II* can be determined based upon the fate of the federal claims brought in *Hayes I*, any such confusion can be avoided. Under the holding in *Costantini*, federal preclusion standards control this analysis. 681 F.2d at 1201; *see also Vahora*, 2020 WL 1061470, at *2. For the reasons set forth below, applying federal claim preclusion principles, the undersigned concludes that the federal claims brought in *Hayes II* are not subject to dismissal on claim splitting grounds.

**B.     Claim Splitting Analysis**

The federal claim preclusion analysis requires the court to answer two separate questions: (1) are the claims the same, and (2) are the parties the same? *Adams*, 487 F.3d at 689 ("[I]n

---

[4] The presence of the state law claims in the prior lawsuit would have raised an unsettled issue, namely how to approach the *res judicata* analysis when the prior state-law claims were before the federal court based upon supplemental, rather than diversity, jurisdiction. *Compare In re JPMorgan Chase Derivative Litig.,* 263 F. Supp. 3d 920, 930–31 (E.D. Cal. 2017) ("Here, federal common law determines [the first federal lawsuit's] preclusive effect because [that lawsuit] addressed a federal question. That [the initial lawsuit] also involved state law claims does not change this court's conclusion because the [ ] court considered those claims on the basis of supplemental jurisdiction only."), *and Robinson v. City of Phoenix*, No. CV10-1044 PHX DGC, 2010 WL 4054167, at *2 (D. Ariz. Oct. 15, 2010) (applying the federal rules for *res judicata* because the prior federal judgment and subsequent federal case "are not diversity cases; they are federal question cases with supplemental jurisdiction of some state law claims"), *with Hately v. Watts*, 917 F.3d 770, 777 (4th Cir. 2019) (holding "that when a federal court exercises supplemental jurisdiction over a state law claim, federal common law governs the preclusive effect of the federal court's disposition of that claim. The federal rule of decision in such cases is to apply state preclusion law, unless the state preclusion law is incompatible with federal interests.") (internal citations omitted).

4

assessing whether the second action is duplicative of the first, we examine whether the causes of

action and relief sought, as well as the parties or privies to the action, are the same.").  To dismiss

on the basis of claim splitting, the answer to both questions must be yes.  *Id.*; *Adobe Sys. Inc. v.

*Wowza Media Sys., LLC*, 72 F. Supp. 3d 989, 994 (N.D. Cal. 2014).

       1.      Identity of Claims

Under federal preclusion principles, a court must evaluate "whether the second action is

duplicative of the first" by "examin[ing] whether the causes of action and relief sought, as well as

the parties or privies to the action, are the same."  *Adams*, 487 F.3d at 688–89.  More specifically,

in assessing whether the causes of action in the two suits are the "same," courts within the Ninth

Circuit:

> use the transaction test, developed in the context of claim preclusion.
> Whether two events are part of the same transaction or series depends
> on whether they are related to the same set of facts and whether they
> could conveniently be tried together.  In applying the transaction test,
> we examine four criteria:  (1) whether rights or interests established
> in the prior judgment would be destroyed or impaired by prosecution
> of the second action; (2) whether substantially the same evidence is
> presented in the two actions; (3) whether the two suits involve
> infringement of the same right; and (4) whether the two suits arise
> out of the same transactional nucleus of facts.  The last of these
> criteria is the most important.

*Adams*, 487 F.3d at 689 (internal quotation marks and citations omitted).  This is the standard

applied in the pending findings and recommendations.  (Doc. No. 10 at 2–3.)

Plaintiff's objections do not take issue with the central thrust of the magistrate judge's

analysis, which reasoned that the two suits arise out of the same transactional nucleus of facts—

the most important factor to be considered when evaluating whether claim splitting has occurred.

(*See id*. at 3.)  The magistrate judge's analysis is correct on this point.  Both suits are premised

upon plaintiff's November 5, 2018 arrest, subsequent misidentification, and continued detention.

       2.      Identity of Parties

Plaintiff argues that the parties named in the second suit are not the same as those named

in the first and therefore that claim preclusion would apply only if the new parties are in privity

with the parties to *Hayes I*.  (*See* Doc. No. 11.)  More specifically, *Hayes I* named Kern County

and Does 1 through 20 as defendants, while *Hayes II* identified numerous individual peace

1   officers by name and omitted Kern County as a defendant.

2        Under federal preclusion rules, where the parties are not actually the same, *res judicata*

3   may nevertheless apply if the parties are privies of one another.  *See Headwaters Inc. v. U.S.*

4   *Forest Serv.*, 399 F.3d 1047, 1051 (9th Cir. 2005) ("The doctrine of *res judicata* provides that a

5   final judgment on the merits bars further claims by parties or their privies based on the same

6   cause of action." (internal citation omitted)).  "Privity . . . is a legal conclusion designating a

7   person so identified in interest with a party to former litigation that he represents precisely the

8   same right in respect to the subject matter involved."  *Id*. at 1052–53 (citations and internal

9   quotations omitted).

10        The question here is whether the Doe defendants named in *Hayes I* are "in privity" with

11   the same individuals now specifically named in *Hayes II*.  The undersigned has also addressed

12   this question previously, concluding that, "[a] party to a cause of action is a person who is both

13   named as a party and subjected to the court's jurisdiction."  *Dixon v. Armas*, No. 1:13-cv-00165-

14   DAD-EPG, 2017 WL 4299204, at *2 (E.D. Cal. Sept. 28, 2017).  As a result, unless a Doe

15   defendant has been served or voluntarily appears in the previous lawsuit, they are not a party and

16   therefore cannot be bound by *res judicata*.  *Id*. ("[T]he mere naming of a person through use of a

17   fictitious name does not make that person a party absent voluntary appearance or proper service

18   of process.").  As was the case in *Dixon*, the Doe defendants in *Hayes I* were never identified or

19   served, nor did they voluntarily appear in *Hayes I*.  Accordingly, the newly named officer

20   defendants cannot reap the benefits of *res judicata* here.  *But see Mendia v. Cty. of Alameda*, No.

21   C 10-04453 JSW, 2011 WL 13243801, at *3 (N.D. Cal. Aug. 4, 2011) (holding that where first

22   lawsuit named certain individuals as Doe defendants, subsequent lawsuit substituting real names

23   for the Doe designations was barred by *res judicata* where all other claim preclusion factors were

24   met); *see also In re Real Est. Short Sales Inc*., No. 1:16-BK-11387-GM, 2020 WL 1181735, at

25   *11 (Bankr. C.D. Cal. Mar. 5, 2020) (where Doe defendants in the original lawsuit are the same

26   as the named defendants in subsequent lawsuit "[d]ismissal[] ha[s] *res judicata* effect as to Doe

27   defendants").

28   /////

6

As implicitly recognized in the pending findings and recommendations, the existence of Doe defendants in *Hayes I* is not the only pathway to preclusion (or in this case application of the bar against claim splitting) because Kern County, the employer of all of the now-named defendants, was a named defendant in *Hayes I*.  The relevant issue this raises is whether the new defendants are in privity with Kern County.

Plaintiff cites the decision in *Diamond v. City of Los Angeles*, No. CV 15-7064 JAK (AJW), 2016 WL 3180226, at *6 (C.D. Cal. May 10, 2016), *report and recommendation adopted*, 2016 WL 3176603 (C.D. Cal. June 6, 2016), *aff'd*, 700 F. App'x 727 (9th Cir. 2017), for the proposition that public employees named in their individual capacities are not in privity with the entity that employs them for purposes of federal civil rights claims.  The court finds *Diamond* to be highly instructive.  Applying federal preclusion principles, the district court in *Diamond* explained "[t]he privity analysis differs depending on whether plaintiff is suing the Doe defendants in their official or individual capacity."  *Id*. at *6.  Official-capacity claims against officers are tantamount to claims against the municipality that employs them.  *Id.* (*citing Gomez v. Vernon*, 255 F.3d 1118, 1126 (9th Cir. 2001)).  Accordingly, to the extent a plaintiff names any officers in their official capacity, those officers would be privity with their employer for purposes of *res judicata*.

Here, however, plaintiff appears to have named all of the individual officers in their individual capacities in *Hayes II*.  (*See generally* Doc. No. 26.)  The district court in *Diamond* held that municipal employees sued in their individual capacities are not sued in their representative capacity as government officials and are therefore not in privity with their employer for purposes of § 1983.  *Diamond*, 2016 WL 3180226, at *6.  The *Diamond* decision provided the following thorough review of the caselaw, which the undersigned finds persuasive and therefore incorporates herein:

> See Andrews v. Daw, 201 F.3d 521, 525-526 (4th Cir. 2000) (holding "that a government official in his official capacity is not in privity with himself in his individual capacity for purposes of res judicata," and noting that "[i]n slightly different contexts, other circuits have reached similar conclusions") (citing Headley v. Bacon, 828 F.2d 1272, 1279–1280 (8th Cir. 1987) (applying federal law in reversing district court's grant of summary judgment to defendant officials

sued in both their official and personal capacities under section 1983 following suit against the city under Title VII, and noting that "litigation involving officials in their official capacity does not preclude relitigation in their personal capacity"); Roy v. City of Augusta, 712 F.2d 1517, 1521–1522 (1st Cir. 1983) (applying Maine law in holding that res judicata did not bar suit against individuals sued in their personal capacities who appeared in an earlier action in their official capacities); Unimex, Inc. v. United States Dep't of Hous. & Urban Dev., 594 F.2d 1060, 1061 n.3 (5th Cir. 1979) (per curiam) (noting that a suit against an official in his official capacity will not operate as collateral estoppel in a subsequent suit against the official in his personal capacity)); see also Gray v. Lacke, 885 F.2d 399, 405-406 (7th Cir. 1987); Mitchell v. Chapman, 343 F.3d 811, 823 (6th Cir. 2003); see generally Restatement (Second) of Judgments, § 36(2) (1982 & March 2016 update) ("A party appearing in an action in one capacity, individual or representative, is not thereby bound by or entitled to the benefits of the rules of res judicata in a subsequent action in which he appears in another capacity.").

*Id*. at *6.  Other district courts, including the undersigned, have followed similar reasoning, albeit not in the exact circumstances presented here.  *See Torres v. Diaz*, No. 1:14-cv-00492-DAD-SAB (PC), 2016 WL 4708489, at *2 (E.D. Cal. Sept. 8, 2016) (where an original suit named a prison warden in her official capacity, subsequently-filed official capacity claims against other prison employees were barred by *res judicata* because privity existed, but claims brought against prison employees in their individual capacities survived dismissal because privity was not present); *Mir v. Kirchmeyer*, No. 12-CV-2340-GPC-DHB, 2016 WL 2745338, at *8 (S.D. Cal. May 11, 2016), *aff'd sub nom. Mir v. Levine*, 745 F. App'x 726 (9th Cir. 2018) ("There is not privity, however, where the parties in the two suits have not been sued in the same capacity because a defendant in his official capacity does not represent the same legal right as he does in an individual capacity."); *Hunley v. Breceda*, No. CV 02-9106 GHK (AJW), 2010 WL 11582944, at *6 (C.D. Cal. Jan. 4, 2010) (in federal civil rights action, finding a lack of privity between a municipal employer and individual defendants sued in their individual capacity).  The lesson to be drawn from these decisions is that for purposes of a federal civil rights claim, a municipal employee named in his or

/////

/////

/////

/////

8

her individual capacity is not in privity with the municipality.[5]

Thus, here the identities of the parties are different for claim splitting purposes.  The Doe defendants were not served in *Hayes I*, and there is no privity between the newly named individual defendants and Kern County for purposes of the federal civil rights claim in *Hayes II*. Therefore, that claim is not subject to dismissal on claim splitting grounds.

## ORDER

Accordingly,

1.   The court declines to adopt the findings and recommendations dated February 5, 2021 recommending dismissal of this action (Doc. No. 10); and

2.   This case shall remain open.

IT IS SO ORDERED.

Dated:   __**November 16, 2021**__          _____

UNITED STATES DISTRICT JUDGE

---

[5]  The findings and recommendations offer an alternative rationale for dismissal on claim splitting grounds, namely, that even though Kern County is not a named defendant in *Hayes II*, it is obligated to defend and indemnify the individual defendant-employees under California Government Code § 995 and therefore is the real party in interest in *Hayes II*.  (Doc. No. 10 at 4); *see also Ronlake v. US-Reps., Inc.*, No. CV F 11-2009 LJO MJS, 2012 WL 4468431, at *5 (E.D. Cal. Sept. 26, 2012) (quoting *Saks v. Damon Raike & Co.*, 7 Cal. App. 4th 419, 431–432 (1992) for the proposition that:  "The substantive basis for the real party in interest rule is to prevent just this kind of multiplication of lawsuits arising from the same facts, in order to protect potential defendants from the harassment, vexation, and expense of having to meet several lawsuits from different claimants involving the same claim or demand; and to insure that such defendants will be protected from further annoyance or loss in the future once a judgment is entered in a lawsuit on such a claim.").  It does not appear, however, that the magistrate judge intended to extend this reasoning to the federal claims in *Hayes II*.

9